UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCIS T. McSHERRY, CDCR #K-26680,<br><br>                          Plaintiff,<br><br>v.<br><br>LARRY NHAN, Correctional Officer,<br><br>                          Defendant. | Case No.: 24-cv-2367-RSH-DTF<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS,**<br><br>**(2) DENYING AS MOOT MOTIONS TO EXCEED PAGE LIMIT AND TO PROCEED BY MAIL; and**<br><br>**(3) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF COMPLAINT AND SUMMONS PURSUANT TO 28 U.S.C. § 1915(d) & Fed. R. Civ. P. 4(c)(3)** |

Plaintiff Francis T. McSherry, a state prisoner proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff claims that while housed at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, Defendant RJD Correctional Officer Larry Nhan deliberately closed a cell door on his hand. *See id*. at 3. Plaintiff has not paid the civil filing fee but has instead filed a motion to proceed *in forma pauperis* ("IFP"). ECF No. 2. Plaintiff has also filed a motion to proceed

by mail and a motion to exceed the page limit. ECF Nos. 3–4.

## I.     Motion to Proceed IFP

Anyone instituting a civil action in a district court of the United States must typically pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55, although the administrative fee does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has insufficient assets. *See* 28 U.S.C. §§ 1915(b)(1), (b)(4); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016). Prisoners who proceed IFP must pay any remaining balance in "increments" or "installments," regardless of whether their action is ultimately dismissed. 28 U.S.C. §§ 1915(b)(1)–(b)(2); *Bruce*, 577 U.S. at 84.

In support of his IFP motion, Plaintiff has submitted a copy of his California Department of Corrections and Rehabilitation ("CDCR") Inmate Statement Report which indicates that during the six months prior to filing suit, Plaintiff had an average monthly balance of $75.47, average monthly deposits of $57.50, and an available balance of $0.01 in his account at the time he filed suit. ECF No. 5 at 1.

The Court grants Plaintiff's motion to proceed IFP and assesses no initial partial filing fee. *See Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case

based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). Plaintiff remains obligated to pay the $350 balance of the filing fee required by 28 U.S.C. § 1914 pursuant to the installment payment provisions of 28 U.S.C. § 1915(b)(1).

## II.     Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

### A.     Standard of Review

Because Plaintiff is a prisoner proceeding IFP, the Complaint requires a pre-answer screening pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b). The Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### B.     Allegations in the Complaint

Plaintiff alleges that around 6:30 a.m. on August 27, 2023, his cell door opened slightly. ECF No. 1 at 3. Holding his cane in one hand, Plaintiff placed his other hand on the cell door. *Id*. Defendant RJD Correctional Officer Nhan was in the tower and Plaintiff yelled at him, "What's this for?" *Id*. Defendant Nhan immediately pressed the open button

and Plaintiff "fell with the door causing my finger to get stuck in the door." *Id*. Plaintiff heard a crack in his hand and screamed in pain. *Id*. Plaintiff "kept yelling help, help and C/O Larry Nhan smiled down at me while he finally opened the door." *Id*. Plaintiff claims Nhan "did this on purpose, he and I had several altercations in the past. I remember calling him a bitch and he was furious at me." *Id*. Plaintiff's finger was broken and bleeding, and he was sent to an outside hospital where he received seven stitches. *Id*. He claims Nhan's actions were deliberate and malicious in violation of the Eighth Amendment's prohibition on cruel and unusual punishment. *Id*. at 3–4.

### C. Discussion

The Cruel and Unusual Punishments Clause of the Eighth Amendment forbids prison officials from "the unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Second, Plaintiff must allege the prison official he seeks to hold liable had a "'sufficiently culpable state of mind' . . . [T]hat state of mind is one of 'deliberate indifference' to inmate health and safety." *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). A prison official can be held liable only if he "knows of and disregards an excessive risk to inmate health and safety"; he "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Plaintiff's allegations are sufficient to survive the "low threshold" of the screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b) with respect to an Eighth Amendment claim against Defendant Nhan, the only defendant named in the Complaint. *Wilhelm*, 680 F.3d at 1123; *see also Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) ("Conditions must not involve the wanton and unnecessary infliction of pain."). Accordingly, Plaintiff is entitled to have the U.S. Marshal effect service of the summons and Complaint against Defendant Nhan. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court

may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915."). The Court cautions Plaintiff, however, that the *sua sponte* screening process is "cumulative of, not a substitute for, any subsequent [motion to dismiss] that the defendant may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

### III. Additional Motions

Plaintiff has filed a motion to proceed through the mail rather than e-filing, stating that he prefers the mail and does not know how to use a computer. ECF No. 4 at 1. Southern District of California General Order 653 requires prisoners incarcerated at RJD who wish to file § 1983 actions *in forma pauperis* to submit their *initial* filings electronically with the Clerk of the Court, and provides that any *initial* documents subject to General Order 653 that are received by the Clerk but which are not in conformance with General Order 653 are "accepted by the Clerk of Court for filing and docketed, but may be stricken by Court order as authorized by Local Civil Rule 83.1." *See* S.D. Cal. Gen. Order 653 ¶ 2. Because only the Complaint is required to be filed electronically in this case, *see id.*, and because the Court has already excused Plaintiff's failure to comply by declining to strike his mailed Complaint, the motion is denied as moot. Plaintiff has also filed a motion to exceed General Order 653's page limit on complaints. ECF No. 3. However, Plaintiff's Complaint does not exceed the page limit. Thus, the motion is denied as moot.

### IV. Conclusion

Accordingly, the Court:

1)   **GRANTS** Plaintiff's motion to proceed IFP [ECF No. 2].

2)   **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $350 filing fee in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2).

3)   **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Jeff Macomber, Secretary, California Department of Corrections and Rehabilitation,

1  P.O. Box 942883, Sacramento, California, 94283-0001.

2        4)      **DENIES** Plaintiff's motion to exceed page limits [ECF No. 3] and motion to
3  file by mail [ECF No. 4] as moot.

4        5)      **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint [ECF No.
5  1] for Defendant Nhan and forward it to Plaintiff along with a blank U.S. Marshal Form
6  285. The Clerk will provide Plaintiff with certified copies of the Complaint and summons
7  for use in serving Defendant. Upon receipt of this "In Forma Pauperis Package," Plaintiff
8  must complete the USM Form 285 as completely and accurately as possible, *include an*
9  *address where Defendant may be found and/or subject to service* pursuant to CivLR 4.1(c),
10 and return the forms to the United States Marshal according to the instructions the Clerk
11 provides in the letter accompanying the In Forma Pauperis Package.

12       6)      **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons
13 upon Defendant Nhan as directed by Plaintiff on the USM Form 285. Costs of service will
14 be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

15       7)      **ORDERS** Defendant, once served, to reply to Plaintiff's Complaint and any
16 subsequent pleading Plaintiff files in this matter in which Defendant is named as a party
17 within the time provided by the applicable provisions of Federal Rules of Civil Procedure
18 12(a) and 15(a)(3). *See* 42 U.S.C. § 1997e(g)(1) (while Defendant may occasionally be
19 permitted to "waive the right to reply to any action brought by a prisoner confined in any
20 jail, prison, or other correctional facility under section 1983," once the Court has conducted
21 its sua sponte screening Defendant is required to respond).

22       8)      **ORDERS** Plaintiff, after service has been made by the U.S. Marshal, to serve
23 upon Defendant, or if appearance has been entered by counsel, upon Defendant's counsel,
24 a copy of every further pleading, motion, or other document submitted for the Court's
25 consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original
26 document sought to be filed with the Clerk, a certificate stating the manner in which a true
27 and correct copy of that document has been served on Defendant or his counsel, and the
28 date of that service. *See* CivLR 5.2. Any document received by the Court that has not been

properly filed with the Clerk or which fails to include a Certificate of Service upon a Defendant, or their counsel, may be disregarded.

**IT IS SO ORDERED**.

Dated: May 2, 2025

*Robert S. Huie*
Hon. Robert S. Huie
United States District Judge